# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CARYN O'CONNOR

       Plaintiff,

v.

CASE NO. 07-11090
HON. LAWRENCE P. ZATKOFF

BUSCH'S INC., a Michigan corporation,

       Defendant.

_____/

## **OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 26, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6). *See* Docket #3. Defendant filed its motion on April 20, 2007, and Plaintiff responded on May 8, 2007. Defendant has since filed a reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's motion will be DENIED.

## II. BACKGROUND

Plaintiff brings this action pursuant to the Family and Medical Leave Act (FMLA or the Act), 29 U.S.C. §§ 2601-54. These facts are drawn from Plaintiff's complaint or construed in the

light most favorable to Plaintiff. Plaintiff was employed by Defendant for several years in the mid-1980s, after which she ceased working for Defendant. Subsequently, Defendant rehired her as its Vice President of Finance in May 2005. In the summer of 2005, Plaintiff was in an automobile accident that resulted in injuries, including post-concussive syndrome, but continued working despite her accident. Later that year Plaintiff was given a performance evaluation covering the period of May 5, 2005, through August 10, 2005, in which she was rated unsatisfactory in four categories, three of which directly referenced "Effort" and were accompanied by the comment "[a]ccident related injury early on has created many absences to date."

On September 19, 2005, Plaintiff provided Defendant with a letter from her physician describing her condition following the accident. Thereafter, Plaintiff provided Defendant with oral and written evidence of her accident, injuries, and course of treatment. However, during November and December 2005, Defendant routinely required Plaintiff to work seven days per week in order to complete its annual budget. At the same time, Plaintiff was experiencing extreme headaches and depression as a result of her accident-related injuries.

In December 2005, Plaintiff requested time off from two of Defendant's employees in order to seek medical consultation. One of these employee's, John Busch, told Plaintiff that she could have time off once Defendant's budget was complete. Plaintiff, not being able to delay seeking treatment until the budget was complete, resigned her position on January 6, 2006.

Plaintiff commenced this suit on March 14, 2007, alleging that Defendant denied her rights secured by the FMLA when it refused to allow her to take medical leave and by constructively discharging her in retaliation for requesting leave. Defendant has moved to dismiss Plaintiff's complaint for failing to state a claim upon which relief can be granted, arguing that Plaintiff was not

qualified for the FMLA's protections because her employment with Defendant in the mid-1980s should not be counted towards Plaintiff's eligibility under the Act.

## III. LEGAL STANDARD

A motion brought pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff to recover. *Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

## IV. ANALYSIS

The issue before the Court is whether Plaintiff, who worked for Defendant for several years in the mid-1980s, and again for approximately seven months in 2005, had been employed for at least twelve months by Defendant such that she became an "eligible employee" under the FMLA. In other words, the Court must determine whether Plaintiff's prior years of employment can be added to her seven months of work in 2005 to make up the twelve months of employment necessary to qualify as an "eligible employee" under the FMLA. For the following reasons, the Court concludes that Plaintiff's prior employment can be used to meet the twelve month requirement.

**A. The Family Medical Leave Act**

Congress enacted the FMLA, in part, "to balance the demands of the workplace with the needs of families ... [and] to entitle employees to take reasonable leave for medical reasons," and to accomplish both of these goals "in a manner that accommodates the legitimate interests of employers." 29 U.S.C. § 2601(b). *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 94

(2002) (recognizing that the amount of FMLA leave reflects "a middle ground long enough to serve 'the needs of families' but not so long that it would upset 'the legitimate expectations of employers'"); S. REP. NO. 103-3, at 6 (1993), *reprinted in* 1993 U.S.C.C.A.N. 3, 6 (stating that the FMLA was enacted to specifically address the growing tension between employment obligations and family needs and proposes a minimum labor standard that addresses these concerns while protecting employers' legitimate interests). Accordingly, the Act entitles eligible employees of covered employers to take up to twelve weeks of unpaid leave for qualifying reasons without fear of losing their jobs or benefits. *See* 29 U.S.C. § 2612. Furthermore, the Act prohibits covered employers from "interfer[ing] with, restrain[ing], or deny[ing] the exercise or attempt to exercise any right" created under the Act, and from "discharg[ing] or in any other manner discriminat[ing] against any individual for opposing any practice made unlawful under the Act." 29 U.S.C. § 2615(a)(1)-(2). The latter prohibition has been construed to prohibit an employer's consideration of an employee's exercise of FMLA rights in making adverse employment decisions. *See* 29 C.F.R. § 825.220(c). Finally, the Act creates a private enforcement mechanism, providing eligible employees with a cause of action for violations of the Act, regardless of the employer's intent. 29 U.S.C. § 2617(a).

At the same time, Congress sought to protect employers' legitimate interests by limiting the employers who are subject to the Act and the employees who are entitled to leave. These provisions ensure that employers required to obey the Act are able to do so without unduly harming their business. The FMLA limits eligible employees to those who have "been employed ... for at least 12 months by the employer with respect to whom leave is requested ... and for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). Also,

the Act explicitly excludes small employers, *see* 29 U.S.C. § 2611(4)(i), and excludes larger employers with multiple, distant work sites that make it costly for the employer to substitute for employees on leave, *see* 29 U.S.C. § 2611(2)(B)(ii). *See Englehardt v. S.P. Richards Co., Inc.*, 472 F.3d 1 (1st Cir. 2006) (finding the exclusion of employees who are employed at a worksite where the employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50 accommodates employers by alleviating the burden of reorganizing a workforce between distant worksites). In addition, the Act contains a limited exemption for highly compensated employees that excuses employers from restoring specified employees to their previous positions under certain circumstances. *See* 29 U.S.C. § 2614(b).

As a prerequisite to exercising FMLA rights, the Act requires eligible employees to provide notice to their employers of their intention to take leave under the Act. *See* 29 U.S.C. § 2612(e). Where the necessity for leave is foreseeable, particularly in cases of births or adoptions, or planned medical treatment, the employee must provide the employer with at least thirty days' notice in order to allow the employer to plan for the employee's absence. *See* 29 U.S.C. § 2612(e)(1)-(2). In situations where the necessity for leave is not foreseeable, the employee must "provide such notice as is practicable." *Id.* Moreover, the Act imposes a duty on employees taking leave based on planned medical treatment to "make a reasonable effort to schedule the treatment so as not to disrupt unduly the operations of the employer ..." 29 U.S.C. § 2612(e)(2)(A).

While the FMLA allows the twelve weeks of leave to be taken in shorter increments, the Act only allows an eligible employee to take intermittent leave for births or adoptions with the employer's consent, and expressly allows employers to transfer employees on intermittent leave to

5

equivalent alternative position that better accommodate the employer's schedule. *See* 29 U.S.C. § 2612(b)(1)-(2). As an additional protection to employers who offer paid leave programs, the Act specifically permits employers to require employees to substitute any accrued paid leave for all or part of their entitlement under the FMLA. *See* 29 U.S.C. § 2612(d). This provision helps to provide income protection to employees entitled to leave under the FMLA while also protecting employers from having to provide more leave than the Act requires. Similarly, where a husband and wife are entitled to leave, their employer must only provide the couple with twelve weeks of total leave where the leave is necessary to care for a child or a sick parent. *See* 29 U.S.C. § 2612(f).

In order to protect employers from employees' abuse of leave entitlements, an employer "may require that a request for leave [based on the employee's or a family member's medical condition] be supported by a certification issued by the health care provider ..." 29 U.S.C. § 2613(a). This certification must contain, among other things, the date the serious health condition commenced and its probable duration, the amount of leave required to deal with the serious health condition, and, in cases of intermittent leave, that such leave is necessary. *See* 29 U.S.C. § 2613(b). Additionally, the employer may, at its own expense, require the employee to seek a second medical opinion. *See* 29 U.S.C. § 2613(c). Finally, the employer may require periodic certifications throughout the leave period on a reasonable basis. *See* 29 U.S.C. § 2613(e). Thus, when read as a comprehensive whole, the FMLA balances the needs of certain employees to take unpaid leave without having to choose between their jobs and their families, with the employers' legitimate interest in avoiding the burdens associated with absent employees and potential abuse.

## B.  Defendant's Motion to Dismiss

The elements of a prima facie case under the FMLA are: (1) Plaintiff was a protected

6

employee under the Act; (2) Defendant was an employer under the Act; (3) Plaintiff was entitled to leave for one of the reasons set forth in the Act; (4) Plaintiff gave notice of her intention to take leave as required in the Act; and (5) Defendant improperly denied Plaintiff benefits under the Act by either interfering with Plaintiff's ability to exercise her rights or retaliating against Plaintiff for exercising her rights. *Sorrell v. Rinker Materials Corp.*, 395 F.3d 332, 335 (6th Cir. 2005); *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001). An eligible employee is "an employee who has been employed ... for at least 12 months by the employer with respect to whom leave is requested ... and for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A); 29 C.F.R. § 825.110(a).

It is undisputed that between Plaintiff's employment in the mid-1980s and her approximately seven months of employment in 2005, she had been employed by Defendant in excess of twelve months. Furthermore, the Court must assume for the purposes of this motion that Plaintiff completed at least 1250 hours of service for Defendant between May 5, 2005, and January 6, 2006, and that Defendant is an employer subject to the provisions of the FMLA.

Despite the fact that Plaintiff has worked for Defendant in excess of twelve months in total, Defendant argues that she is not an eligible employee under the FMLA because her most recent term of employment was shorter than twelve months and that her prior term of employment does not count towards the FMLA's twelve month requirement. Plaintiff argues to the contrary and points to a recent decision from the First Circuit, which concludes that an employee can become an eligible employee by combining separate periods of employment with the same employer even when these periods are separated by several years. Plaintiff also relies on the Department of Labor's (DOL)

7

interpretation of the Act[1] as allowing an employee to combine all periods of employment with the relevant employer to satisfy the twelve month requirement. The DOL has expressly stated that "[t]he 12 months an employee must have been employed ... need not be consecutive." 29 C.F.R. § 825.110(b).

In *Rucker v. Lee Holding Co.*, 471 F.3d 6 (1st Cir. 2006), the court of appeals held that "the FMLA itself is ambiguous as to whether previous periods of employment count toward the 12-month requirement, but regulations promulgated by the United States Department of Labor (DOL), as interpreted by the DOL, establish that previous periods of employment do count." *Id.* at 8. The plaintiff in *Rucker* had been employed by the defendant for a period of five years before working elsewhere for another period of five years. Subsequently, the defendant re-employed the plaintiff. Approximately seven and a half months into his second term of employment, the plaintiff ruptured a disc in his back and received medical treatment that required him to take approximately thirteen days off of work. The defendant terminated his employment based on these absences and the plaintiff filed suit claiming protection under the FMLA. The defendant argued that the plaintiff was not protected under the FMLA because he had not worked for twelve months and could not count his prior employment to meet the twelve month requirement. The court, relying on the DOL's interpretation of its regulations, disagreed.

The court began its analysis by looking to the language of the FMLA, and found that the definition of an eligible employee as one "who has been employed ... for at least 12 months by the [relevant] employer" was ambiguous. *Id.* at 10. The court stated that the definition could "be read

---

[1] Congress expressly granted the DOL authority to "prescribe such regulations as are necessary to carry out [the FMLA]." 29 U.S.C. § 2654.

8

either to refer to only the most recent period of employment by the relevant employer or to all periods of employment by that employer." *Id.* Concluding that Congress had not directly addressed the precise question at issue, the Court examined the DOL's interpretation of the twelve month requirement. *Id.* at 11 (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984)). The DOL clarified the twelve month requirement, stating that "[t]he 12 months ... need not be consecutive months" *Id.* at 12 (quoting 29 C.F.R. § 825.110(b)). In addition, the DOL, in its explanation of the regulation, specifically rejected an interpretation of the Act as excluding "any employment experience prior to an employee resignation or employer-initiated termination that occurred more that two years before the current date of reemployment." *Id.* at 12 (quoting Family and Medical Leave Act of 1993, 60 Fed. Reg. 2180, 2185 (Jan. 6, 1995) (to be codified at 29 C.F.R. pt. 825)). The court found the DOL's regulation was a reasonable exercise of its statutory authority, and that nothing in the Act prohibited the plaintiff from counting his earlier period of employment toward satisfying the twelve month requirement. *Id.* at 13. *See also Bell v. Prefix, Inc.*, 422 F. Supp. 2d 810, 813 (E.D. Mich. 2006) (finding that the DOL's interpretation of eligible employee reasonable).

>However, the court in *Rucker* limited its ruling, stating:
>
>We go no further than deciding whether the dismissal in this case was error. The DOL amicus brief states its view that a break in service of over five years would be at the "outer bounds of what is permissible," apparently suggesting that we state the same as a judge-fashioned rule. That is not our role. We agree with the DOL that there are important policy issues involved here; the point of the *Chevron* doctrine is that the DOL, in the exercise of its statutory authority, must resolve these issues in the first instance. For a court to fashion as a matter of law a limiting rule not fairly contained in the existing regulatory language, but only suggested in an amicus brief, ultimately undermines administrative processes and places policy decisionmaking [sic] power in the wrong institution.

*Id.* at 13.

When interpreting the FMLA, the Court must "respect and give effect" to the balance Congress struck between the security given to employees and employers' legitimate expectations. *Ragsdale*, 535 U.S. at 94. "The FMLA is a carefully calibrated compromise that balances the legitimate interests of both employers and employees." *Plumley v. Southern Container Inc.*, 303 F.3d 364, 372 n. 6 (1st Cir. 2002). Given this delicate balance, the Court is troubled by the potential consequences of permitting Plaintiff in this case to combine periods of employment separated by nearly twenty years. While the DOL rejected the suggestion that employers would be too burdened if employees could combine periods of employment separated by more than two years, Plaintiff's first period of employment far exceeds any amount of time the DOL considered. The Court recognizes that employers are capable of investigating employment histories and keeping sufficient records to determine if and when an employee satisfies the FMLA's eligibility requirements, yet at some point the burden on employers will unreasonably interfere with their legitimate interests, a result Congress worked to avoid. However, as the court in *Rucker* recognized, the determination of that exact point is best left to Congress and the DOL. "[T]he DOL, in the exercise of its statutory authority, must resolve these issues in the first instance." *Rucker*, 471 F.3d at 13. "For a court to fashion as a matter of law a limiting rule not fairly contained in the existing regulatory language ... ultimately undermines administrative processes and places policy decision making power in the wrong institution." *Id.* at 13. Consequently, the Court agrees with the decision in *Rucker*.

The FMLA defines an eligible employee as "an employee who has been employed ... for at least 12 months by the employer with respect to whom leave is requested ..." 29 U.S.C. § 2611(2)(A)(i). Although the Court finds that this definition clearly permits an employee to count previous periods of employment toward satisfying the twelve month requirement, the Court

10

concludes that Congress has not directly addressed whether there is any limit to the amount of time between separate periods of employment that would prevent a plaintiff from combining them for purposes becoming an eligible employee under the FMLA. *See Chevron*, 467 U.S. at 842 (stating that courts must first look to the language of the statute and determine whether it clearly expresses the intent of Congress). Therefore, the Court is compelled to defer to the DOL's interpretation of the Act and its regulation permitting employees to combine all periods of employment. *See id.* at 843 (stating that where Congressional intent is ambiguous, deference to reasonable agency interpretation is appropriate); *United States v. Mead Corp.*, 533 U.S. 218, 229 (2001) (stating that where Congress "expect[ed] the agency to be able to speak with the force of law" in promulgating its regulations, courts must defer to the regulations' resolution of a statutory ambiguity so long as it is reasonable).

The DOL's interpretation of the Act and its regulation as permitting an employee to combine all periods of employment can be read consistently with the overall purpose of the Act. While the definition of eligible employee benefits employers by inherently limiting the number of employees protected by the Act, it also benefits employees by preventing employers from circumventing the obligations the FMLA imposes. For instance, an employer could avoid its obligations to employees by simply not employing them for more than twelve months at a time. The employer could, repeatedly, employ the worker for eleven months, terminate him or her, and then rehire the worker after a brief period of unemployment with the relevant employer. Under these circumstances, an employee who has worked the requisite number of hours under the Act and, therefore, may have a justifiable expectation of its protections, could never be an eligible employee because he or she would not meet the twelve months of employment requirement. Therefore, this interpretation of "eligible employee" furthers the FMLA's remedial purpose of providing job-secure leave by

11

permitting employees to combine all periods of employment with the relevant employer, and at the same time accommodates employers' legitimate interests by limiting the number of employees entitled to the Act's protections.

The reasonableness of this interpretation finds support in the Senate Report's statement that the Act "does not cover part time or seasonal employees working less that 1,250 hours a year." S. REP. NO. 103-3, at 23 (1993), *reprinted in* 1993 U.S.C.C.A.N. 3, 25. The implication is that the Act should cover part time or seasonal employees who have worked the requisite number of hours. This could not be the case if the part time or seasonal employees could not aggregate their separate months of employment. The Court concludes that there is nothing in the Act that precludes Plaintiff from combining her separate periods of employment in this case. As such, when Plaintiff combines her separate periods of employment with Defendant, she "has been employed ... for at least 12 months by the employer with respect to whom leave is requested." *See* 29 U.S.C. § 2611(2)(i).

Finally, the Court rejects Defendant's argument that allowing Plaintiff to combine her separate periods of employment in this case would give the FMLA a retroactive effect that Congress did not intend. First, allowing Plaintiff to use a period of employment from prior to the FMLA's enactment does not impose any obligation on Defendant for conduct that occurred prior to the FMLA. Defendant is not being held accountable for anything it did or did not do prior to the FMLA's enactment and is only responsible for conduct that occurred after the FMLA was passed. In this respect, Defendant is not being subjected to undue surprise because it was foreseeable to Defendant when it hired Plaintiff in 2005 that she may be entitled to FMLA protections at some later time. Second, Defendant's argument is undermined by the DOL's regulation stating that "[t]he period prior to the FMLA's effective date must be considered in determining [an] employee's

eligibility" 29 C.F.R. § 825.110(e). The purpose of this regulation was to grant immediate protection to employees on the date the Act became effective. Thus, Defendant's employees on the date the Act became effective qualified as eligible employees based on their months of employment prior to the Act's effective date. As a result, Defendant cannot say that Plaintiff is not an eligible employee simply because part of her total months of employment occurred prior to the Act's effective date.

## V.  CONCLUSION

Based on the forgoing analysis, the Court concludes that Plaintiff has stated a valid claim under the FMLA. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 26, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 26, 2007.


s/Marie E. Verlinde
Case Manager
(810) 984-3290